UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DENZIL BARKER,

                Plaintiff,

-against-

MANHATTAN PARKING GROUP, LLC;
LAWRENCE LIPMAN,

                Defendants.

22-CV-6245 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action under the Court's federal question jurisdiction, alleging that his former employer failed to provide him with a 1099 or W-2 form. By order dated July 25, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees. The complaint is dismissed for the reasons set forth in this order.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff Denzil Barker, a Manhattan resident, filed this complaint against Manhattan Parking Group LLC and Lawrence Lipman. (ECF 1 ¶ III.) The following facts are drawn from the complaint. In 1980, Defendants hired Plaintiff to work as a porter. (*Id.*) When Plaintiff was subsequently fired, he filed an age discrimination complaint against them. Court records show that that matter settled in 2014.[1] According to Plaintiff, his attorney, Rachel Porter, received one-third of the settlement. Plaintiff was "surprise[d]" when Porter sent him a 1099 form, but not a W-2 form. (*Id.*) Plaintiff "did not sign any papers," and did not give "permission" to anyone to

---

[1] *Barker v. Manhattan Parking Group, LLC*, ECF 1:13-CV-5709, 48 (ALC) (S.D.N.Y. June 5, 2014) (dismissing action on consent of the parties).

sign papers on his behalf. (*Id.*) Plaintiff asserts that he "cannot get a 1099 form without someone don't sign my name and so then I am asking this court to have my employer to give me my" W-2. (*Id.*).

## DISCUSSION

Plaintiff's complaint does not comply with federal pleading rules because his allegations do not suggest that he is entitled to relief from Defendant. According to the website of the Internal Revenue Service (IRS):

> Every employer engaged in a trade or business who pays remuneration, including noncash payments of $600 or more for the year (all amounts if any income, social security, or Medicare tax was withheld) for services performed by an employee must file a Form W-2 for each employee (even if the employee is related to the employer) from whom:
>
> Income, Social Security, or Medicare tax was withheld.
>
> Income tax would have been withheld if the employee had claimed no more than one withholding allowance or had not claimed exemption from withholding on Form W-4, Employee's Withholding Allowance Certificate.

https://www.irs.gov/forms-pubs/about-form-w-2.

Federal law and regulations require employers to issue information returns, such as W-2 forms and 1099 forms. *See* 26 U.S.C. § 6051(a); 26 C.F.R. § 31.6051-1. The failure to provide a W-2 creates liability on the part of an employer to the United States — not to the employee. *See* 26 U.S.C. §§ 6051, 6722. In other words, an individual citizen has no right to sue over an employer's failure to provide a W-2. *Katzman v. Essex Waterfront Owners LLC*, No. 09-CV-7541 (DAB), 2010 WL 3958819, at *3 (S.D.N.Y. Sept. 29, 2010) (finding no private right of action under the Internal Revenue Code for failure to provide a W-2); *Rumfelt v. Jazzie Pools, Inc.*, No. 11-CV-217, 2011 WL 2144553, at *3 (E.D. Va. May 31, 2011) (dismissing claim that employer failed to provide a W-2 because 26 U.S.C. § 6722 provides no private right of action). Instead, the Internal Revenue Service can assess penalties against the employer. *See* 26 U.S.C.

§ 6722; *Watson v. Johnny O's Inc.*, No. 12-CV-1083, 2012 WL 2505949, at *2 (N.D. Ohio June 28, 2012) (holding that any civil or criminal penalties assessed against employer for a violation of 26 U.S.C. § 6051 would inure to the IRS, not the plaintiff).

Plaintiff alleges that his former employer failed to provide him with a W-2 form in connection with a settlement that he received in 2014. The Court finds no authority suggesting that money received in connection with a settlement qualifies as "remuneration . . . for services performed by an employee," such that a W-2 would issue. Even if Plaintiff should have received a W-2 under these circumstances, he does not have a private right of action against his former employer for failing to provide one.[2]

## LEAVE TO AMEND DENIED

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed for failure to state a claim on which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[2] The Court notes that Plaintiff does not allege any damages or other harm caused by the lack of a W-2 form from 2014. *Cf. Williams v. Secure Res. Commc'ns*, No. 11-CV-3986 (PAC), 2011 WL 8199938, at *2 (S.D.N.Y. Sept. 26, 2011) (adopting report and recommendation in part, and noting that "Williams did not allege any damage as a result of Defendant's failure to provide a W-2"). When an employer fails to provide a W-2, the IRS provides taxpayers with IRS form 4598, entitled "Form W–2, or 1099 Not Received or Incorrect," as a substitute. *See Weisman v. C.I.R.*, 103 F. Supp. 2d 621 (E.D.N.Y. 2000).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to issue judgment in this case.

SO ORDERED.

Dated:   August 24, 2022
         New York, New York

                                            /s/ Laura Taylor Swain
                                            LAURA TAYLOR SWAIN
                                            Chief United States District Judge